8331. POSTAL TELEGRAPH-CABLE CO. *v.* BARNES-FAIN CO.

LUKE, J. 1. While the addressee of a telegram may sue the telegraph company in tort and recover for such damage as proximately results from its breach of duty to serve the public with due care (*Stewart* v. *Postal Telegraph-Cable Co.,* 131 *Ga.* 31, 61 S. E. 1045, 18 L. R. A. (N. S.) 692, 127 Am. St. R. 205), he can not recover for damage not caused by the negligence of the telegraph company, but which resulted from his voluntary act in complying with the terms of a proposal or contract which he was under no legal compulsion to perform. *Sparks Milling Co.* v. *Western Union Telegraph Co.,* 9 *Ga. App.* 728 (72 S. E. 179).

2. The evidence did not authorize the judgment of the trial court. Therefore the superior court erred in overruling the certiorari.

*Judgment reversed. Wade, C. J., and George, J., concur.*

DECIDED JULY 26, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 5, 1916.

The telegraph company was sued in the municipal court of Atlanta for damages on account of an alleged error in the transmission of a telegram. The telegram was addressed to *J. J. Barnes-Fain Company,* the plaintiff, and, as delivered to the telegraph company, was an offer to sell a car of potatoes for "dollar quarter hamper." In the telegram as delivered to the addressee

the word "quality" was substituted for the word "quarter." It was alleged that "dollar quarter hamper" meant a dollar and a quarter per hamper, and that the effect of the telegram as delivered to the addressee was to offer the potatoes for a dollar per hamper; that "on the strength of this offer" the plaintiff bought the potatoes, and they were sold by the plaintiff "upon a basis of cost to it of a dollar a hamper;" that afterwards the sender of the telegram demanded of and collected from the plaintiff a dollar and a quarter per hamper, and the plaintiff was bound to pay him that price; that the car contained 606 hampers, and the plaintiff was damaged in the sum of $200, for which it sued. On the trial C. L. Fain, of the plaintiff company, testified: "Acting on the strength of that telegram I bought the potatoes therein referred to, agreeing to pay one dollar per hamper. . . I paid Mr. Burch [the sender] $1.25 per hamper, there being 606 hampers. In the telegram . . the words . . 'quality hamper' indicate to my mind a description of the hamper. I paid the $1.25 on the demand of Mr. Burch. . . After the receipt of this telegram I disposed of the potatoes, . . within ten minutes after its receipt, . . upon the basis of $1 a hamper." There was no other evidence than the testimony of this witness and the telegrams. The trial judge rendered a judgment against the defendant for $151.50. The court refused to grant the defendant's motion for a new trial, and the defendant sued out certiorari, the judge of the superior court overruled the certiorari, and the defendant excepted.

*R. W. Crenshaw, Anderson & Rountree,* for plaintiff in error.
*Moore & Pomeroy,* contra.